```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                              :
TERRANCE STROTHERS,           :
                              :
         Plaintiff,           :   Civ. No. 20-5271 (NLH)(AMD)
                              :
    v.                        :
                              :
THOMAS MONAHAN,               :   OPINION
                              :
         Defendant.           :
_____:

APPERANCE:

Terrance Strothers
1226200
South Woods State Prison
215 South Burlington Rd.
Bridgeton, NJ 08302

    Plaintiff pro se

HILLMAN, District Judge

  I.    INTRODUCTION

    Plaintiff, Terrance Strothers ("Plaintiff" or "Strothers"), is a state inmate currently incarcerated at the South Woods State Prison in Bridgeton, New Jersey.  He is proceeding pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  See ECF No. 1.  Previously, this Court granted Plaintiff's application to proceed in forma pauperis.  See ECF No. 2.

    At this time, this Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, Plaintiff's federal claims will be dismissed with prejudice and this Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

II.  LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions. See 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229

F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.  To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible.  See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

   Pro se pleadings, as always, will be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972).  Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

III. FACTUAL BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names one

4

Defendant in this action, his former criminal defense attorney, Thomas Monahan.

Plaintiff alleges Monahan provided him with inept legal services, overcharged him and has continued to harass Plaintiff's friends and family for more money. Plaintiff seeks to be compensated for Monahan's full retainer fee.

IV. DICUSSION

"A privately retained attorney clearly does not act under color of state law[.]" See Gannaway v. Stroumbakis, No. 20-2882, 2021 WL 128918, at *3 (3d Cir. Jan. 14, 2021). Thus, Plaintiff cannot bring suit under § 1983 against his private criminal defense attorney, Monahan. Plaintiff's federal claims are dismissed with prejudice as any proposed amendment against Monahan on his federal claims would be futile. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 217 (3d Cir. 2013).

Plaintiff may also be attempting to bring state law claims against Monahan. When a court has dismissed all claims over which it had original federal-question jurisdiction, however, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed against Monahan for failure to state a claim upon which relief may be granted, this Court will exercise its discretion to

5

decline supplemental jurisdiction over Plaintiff's state law claims.

V.   CONCLUSION

For the foregoing reasons, Plaintiff's federal claims will be dismissed with prejudice for failure to state a claim upon which relief may be granted and this Court will decline supplemental jurisdiction over Plaintiff's state law claims.

An appropriate order will be entered.


Dated: April 15, 2021              s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.